**HARRY LEE JENKINS, Appellee**

v.

**LEOLA KIETH JENKINS, Appellant**

Civil No. 17-A

District Court of Guam

Appellate Division

February 19, 1960

---

Counsel for Appellant:     FINTON J. PHELAN, JR., ESQ.
Counsel for Appellee:      W. SCOTT BARRETT, ESQ.

Before GILMARTIN, *Presiding Judge;* FURBER, *Chief Justice*, High Court of the Trust Territory of the Pacific Islands and MANIBUSAN, *Chief Judge*, Island Court of Guam

## PER CURIAM

### OPINION

This is an appeal in an action for divorce. The Interlocutory Decree of Divorce was entered in the Island Court of Guam on March 20, 1958 in favor of the appellee and denying the appellant's cross-complaint, and on April 3, 1958 an Order For Division Of Community Property was entered. Questions presented in this appeal are, briefly, whether or not the Island Court of Guam erred in refusing to dismiss the complaint at the close of the appellee's case; does the evidence sustain the judgment and are the findings supported by the evidence; was it error to refuse to appoint

a receiver and order an accounting; was error committed in dividing the community property; was granting supersedeas error and an abuse of discretion; was the Court in error in not entering judgment for appellant; and lastly, in view of the entire record of this case, was the Court biased and prejudiced to such an extent as to deny to appellant a fair trial.

This Court, after careful examination of the entire transcript of the evidence in this case, can find no prejudicial error in the trial of the case itself, nor can it find any justification for the charge made by counsel for the appellant that the Island Court was biased and prejudiced against the appellant and in favor of the appellee.

It is the opinion of this Court that the Island Court erred, however, in including as community property, which was subsequently divided, the earnings and accumulations of the appellant while living separate and apart.

"The disposition of the community property, and of the homestead, as above provided, is subject to revision on appeal in all particulars, including those which are stated to be in the discretion of the Court." Section 148, Guam Civil Code.

"The earnings and accumulations of the wife, and of her minor children living with her or in her custody, while she is living separate from her husband, are the separate property of the wife." Section 169, Guam Civil Code.

The supersedeas bond filed in the Island Court on May 13, 1958 is rather confusing to this Court as to its operation and effect. However, if it was the intention of the parties that this bond was filed as security for the payment by the appellee to the appellant, this Court feels that the bond should remain in full force and effect until the terms and conditions of a new order of the Island Court concerning the disposition of the community property are fully complied with and the bond exonerated.

The Interlocutory Decree of Divorce entered on March 20, 1958 is hereby affirmed.

60

The Order For Distribution Of Community Property entered in the Island Court on April 3, 1958 is hereby set aside and the case remanded to that Court for further proceedings in accordance with this opinion. We believe that an attempt should be made by the Island Court to determine summarily the amount of the appellant's separate property which has been inadvertently included as part of the community property so listed in said order.

Due to his retirement, Judge Manibusan has taken no part in this opinion.